No. 18     June 28, 2023     225

IN THE OREGON TAX COURT
REGULAR DIVISION

Kevin C. MAILLARD
and Rhonda Maillard,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5456)

In this personal income tax case, Plaintiffs submitted a motion to stay their obligation to pay the tax assessed, based on undue hardship. Defendant argued for denial of the stay, alleging that Plaintiffs had sufficient home equity to pay the tax. Alternatively, Defendant asserted that the court needed more information on expenses before making a ruling. The court requested more information from Plaintiffs because they had significant income from employment and untapped home equity but claimed significant monthly expenses, including debt payments.

Submitted on Plaintiffs' motion for stay of payment of income tax.

Kevin C. Maillard and Rhonda Maillard, Plaintiffs, filed the motion *pro se*.

Samuel B. Zeigler, Assistant Attorney General, Department of Justice, Salem, filed a response for Defendant.

Decision rendered June 28, 2023.

**ROBERT T. MANICKE, Judge.**

This matter is before the court on Plaintiffs' Motion for Stay of Payment of Income Tax and accompanying affidavit, filed May 26, 2023, and Defendant's response and objections filed June 26, 2023.

Plaintiffs' affidavit reports significant monthly income from employment, as well as untapped home equity well in excess of the amount needed to pay the assessed tax, interest, and penalties. Plaintiffs also report substantial monthly expenses, including debt service; however, the court is not persuaded from the information in the affidavit that Plaintiffs would be unable to procure the funds necessary to

pay the assessed amount, or that doing so would create an undue hardship for them.

Within 30 days from the date of this order, Plaintiffs shall either pay to Defendant the amount assessed or show cause to this court why they are unable, without undue hardship, to procure the funds to do so within the time ordered. To show cause, Plaintiffs must submit to the court (copying Defendant) all of the following:

(1)   Monthly statements, including itemized transactions, for all accounts active during 2023 with any bank, credit union, or other financial institution;

(2)   Monthly statements, including itemized transactions, for all debt accounts active during 2023, including but not limited to credit card accounts, personal loans, lines of credit and mortgages;

(3)   Documents showing the credit limit and available credit for each such debt account, as of the first day of each month to date in 2023; and

(4)   A supplemental narrative statement detailing all good-faith attempts to procure the funds necessary to pay the amount assessed, including written statements of lenders accepting or rejecting attempts to borrow funds.

All copies and statements must be attached to a new affidavit on the court's form, and the new affidavit must be signed under penalty of perjury before a notary public. Now, therefore,

IT IS SO ORDERED.